IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CATHERINE HERROD and ALAN PARKINSON, etc., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>METAL POWDER PRODUCTS, INC., a Delaware corporation; *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL**<br><br>Case No. 1:07-CV-00023 TS<br><br>Judge Ted Stewart<br>Magistrate Judge David Nuffer |

This case arises out of a traffic accident on January 30, 2005, which killed plaintiff Catherine Herrod's husband and injured her and other family members inside the Herrod vehicle. The accident occurred when dual tires of a semi-trailer came free, crossed the center median and hit the plaintiff's vehicle head-on. Plaintiffs allege that an axle spindle nut and locking ring securing the wheel system came loose allowing the dual tire to come free from the trailer. Plaintiffs further allege that both the axle spindle nut and a locking ring (collectively the Product), used to ensure that the axle spindle nut remained securely in place, are defective products, and that the defective nature of the Product proximately caused the injuries for which relief is sought.[1] Defendant Metal Powder Products, Inc. (Metal Powder) produced the Product. Additionally, Plaintiffs allege that Metal Powder knew of the defective nature of the Product, had a legal duty to recall the Product or warn of the alleged risks, and breached this legal duty by failing to recall the product or warn of the risks inherent in it.[2]

---

[1] Plaintiff's Memorandum in Support of Plaintiffs' First Motion to Compel Against Defendant Metal Powder Products, Inc. (Memorandum in Support) attached as Exhibit B to Plaintiff's First Motion to Compel Against Defendant Metal Powder Products Inc. and Supporting Memorandum, docket no. 51, filed May 6, 2008.

[2] Plaintiff's Amended Complaint and Jury Demand at 5-6, docket no. 33, filed December 24, 2007.

This case was commenced in Utah state court and has now been removed to this court.[3] While the case was pending in state court, Metal Powder produced a five page document listing twenty-nine other incidents involving the Product titled "Summary of Pro-Torq Product Warranty Incidents" (Summary).[4] At Metal Powder's 30(b)(6) deposition, the designated representative William Heath was unable to answer inquiries regarding specific aspects of the twenty-nine incidents contained in the Summary.[5] Mr. Heath further stated that to answer such questions, he would have to consult individual files regarding each incident.[6] Counsel for Metal Powder refuses to produce the individual files related to the twenty-nine incidents contained in the Summary until the Plaintiffs specify the defect that they allege to have caused the accident at issue in this case.[7]

Metal Powder contends that the files sought by the Plaintiffs are not discoverable because the material is not relevant to the claims in the suit. Metal Powder argues that since Plaintiffs have failed to specify a particular design defect in the Product, any discovery of the files is a "fishing expedition."[8] Additionally, Metal Powder asserts that Plaintiffs are demanding the production of "every document pertaining to every incident that ever involved a Pro Torq nut and/or keeper . . .", and states that such a request is overly broad.[9]

Plaintiffs argue that the individual files are discoverable because they are relevant to their

---

[3] Notice of Removal, docket no. 3, filed February 13, 2007.

[4] Summary of Pro-Torq Product Warranty Incidents attached as Exhibit E to Defendant Metal Powder Products, Inc.'s Opposition to Plaintiff's First Motion to Compel (Opposition), attachment 5 of docket no. 52, filed May 27, 2008.

[5] Memorandum in Support at 3. See also Deposition of William Heath, pages 123, 128, and 134-35, attached to Memorandum in Support.

[6] Memorandum in Support at 2.

[7] Id. at 3.

[8] Opposition at 6.

[9] Id. at 7.

claim which centers around the failure of the axle spindle nut and the locking ring. Plaintiffs say the twenty-nine incidents listed in the Summary specifically address the failure of the precise Product which is central to their claim.[10]

### Discussion

Fed. R. Civ. P. 26(b)(1) limits discovery to "any matter . . . that is relevant to the claim or defense of any party. . . ," or to "any matter [the court finds to be] relevant to the subject matter involved in the action."[11] While counsel for Metal Powder is correct that recent amendments to Rule 26(b)(1) represent efforts to narrow the scope of discovery and to prevent parties engaging in "fishing expeditions," the information sought by Plaintiffs is clearly relevant to their claims. Plaintiffs' requested discovery is not overly broad, but is limited to production of the individual incident files listed in the Summary provided by Metal Powder. Plaintiffs' claims center around the failure of the Product which is at issue in each of the individual incident files.

Additionally, relevancy is to be construed broadly, and "discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[12] If the discovery at issue appears relevant, as it does in this case, the burden shifts to the party opposing the discovery to either show 1) that the discovery sought does not conform with the requirements set by 26(b)(1), or 2) that the discovery sought is not sufficiently relevant to outweigh the potential harm of generally admissible discovery.[13] Metal Powder argues that discovery of the individual incident reports is impermissible because Plaintiffs have

---

[10] Memorandum in Support at 5-7.

[11] Fed. R. Civ. P. 26(b)(1).

[12] *U.S. Fire Ins. Co. v. Bunge North America, Inc.*, No. 05-2192-JWL-DJW, 2007 WL 1531846, at *8 (D. Kan. May 25, 2007).

[13] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-690 (D. Kan. 2001).

failed to specifically define the particular defect with the product. However, Metal Powder has cited no legal authority requiring such specificity of a party's claim as a condition precedent to discovery.[14]

Plaintiffs' claim is sufficiently related to the desired discovery. The Product was designed to prevent wheels from coming off while in operation, and at first impression appears likely to have failed because it is clear the dual wheels came loose and then caused the accident at issue in this case. Plaintiffs have alleged that this was a result of a design defect in the product, and have also suggested that a design defect might increase the likelihood of improper installation. The incidents in the Summary all relate to the Product at issue. Therefore, Plaintiffs are entitled to discovery of the individual incident reports.

There is no basis to the claim that discovery would be overly burdensome. The materials sought are currently in the possession of counsel for Metal Powder. Production could be completed with relative ease and minimal expenses.

The request is not overly broad. The files all relate to the Product at issue, and while it may not be that similar causes were present in each incident, the production of the files should substantially enhance the Plaintiffs' knowledge and the truth-finding function of this litigation.

**ORDER**

---

[14] Fed. R. Civ. P. 9(b) explicitly states that claims must be stated with particularity in claims of fraud, mistake, or condition of mind. Additionally, a recent securities case has required that such claims be stated with particularity. *Twombly v. Bell-Atlantic Corp.*, 127 S.Ct. 1955 (2007). And the Tenth Circuit has applied a somewhat heightened standard when qualified immunity is at issue. *Robbins v. Oklahoma* 519 F.3d 1242, 1246-1248 (D. Okla. 2008). But the standard generally applicable, as restated by another District Court in the Tenth Circuit, falls far short of requiring designation of a specific defect in Defendant's product. *DePayan v. Wend-Rockies, Inc.*, No. 07-CV-02520-LTB-MEH, 2008 WL 2168780 at *1-2 (D. Colo. May 21 2008).

IT IS HEREBY ORDERED that the motion to compel[15] is GRANTED.

IT IS FURTHER ORDERED that Metal Powder shall provide each individual incident file for each incident specified in the "Summary of Pro-Torq Product Warranty Incidents" within twenty days of this order .

Dated this 26th day of June, 2008.

BY THE COURT:

David Nuffer
United States Magistrate Judge

---

[15] Plaintiffs' First Motion to Compel Against Defendant Metal Powder Products, Inc., docket no. 51, filed May 6, 2008.