IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **CATHERINE HERROD, et al.,** | **ORDER** |
| **Plaintiffs,** | |
| | **Case No. 1:07cv23** |
| **v.** | |
| **METAL POWDER PRODUCTS, et al.,** | **District Judge Clark Waddoups** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Stemco, LP's ("Stemco") motion to enlarge the deadline for expert disclosures,[2] to which Metal Powder Products ("MPP"), Timpte Inc. ("TI"), and Timpte Industries, Inc. ("TII") moved to join.[3]  As an initial matter, the court **GRANTS** MPP, TI, and TII's respective motions to join Stemco's motion and memoranda.

Stemco, MPP, TI, and TII (collectively, "Defendants") seek to enlarge the deadline for their expert disclosures by sixty (60) days.  Defendants assert that they need additional time to retain expert witnesses to address certain issues raised by Catherine Herrod et al.'s (collectively,

---

[1] *See* docket no. 137.

[2] *See* docket no. 170.

[3] *See* docket nos. 177, 179, and 185.

"Plaintiffs") experts that are beyond Defendants' experts' qualifications.  Defendants contend that the experts with whom their counsel has consulted indicate that they will need additional time to fully evaluate the extensive amount of evidence and testimony provided in order to formulate their opinions and respond to Plaintiffs' experts.  Defendants further argue that a sixty-day extension of time will not prejudice Plaintiffs because they will have an opportunity to submit counter-reports and depose Defendants' experts in sufficient time to prepare for trial.

In response, Plaintiffs argue that Defendants' request for additional time is neither reasonable nor justified.  Plaintiffs assert that this case has been pending for years and Defendants have been aware of the issues regarding expert testimony for a long time.  Plaintiffs state that "the agreed deadlines set forth in the Scheduling Order are interrelated and it is necessary to maintain the existing deadline for [Defendants'] experts to allow this case to progress to trial in an orderly manner."[4]

While the court understands Plaintiffs' frustrations with the glacial pace of this litigation, Plaintiffs have failed to demonstrate that they will suffer specific prejudice if the expert deadlines are extended.  That said, to preserve the trial date and maintain a five-month period between the dispositive motion deadline and trial per court policy, the court concludes that a sixty-day extension is untenable.  Accordingly, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.  The deadline for Defendants to disclose expert reports is December 30,

---

[4] Docket no. 173 at 4.

2011, and the deadline for filing counter-reports is January 30, 2012.  All other dates in the scheduling order remain unchanged.

    **IT IS SO ORDERED.**

    DATED this 18th day of November, 2011.

                                     BY THE COURT:

                                     PAUL M. WARNER
                                     United States Magistrate Judge