IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CATHERINE HERROD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> METAL POWDER PRODUCTS, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No.  1:07-cv-00023 CW <br><br> Judge Clark Waddoups |

This matter is before the court on Stemco's Second Motion for Summary Judgment. Stemco contends "the duty set forth in Restatement (Third) of Products Liability § 13 can not be applied in cases involving component part manufacturers and a reasonable person in Stemco's position could not and would not have provided a warning." Stemco's Second Mot. for Sum. J., 1 (Dkt. No. 195).

The Tenth Circuit has previously issued a ruling in this case about Stemco's duty to warn. It concluded there are material issues of fact about Stemco's duty. *Herrod v. Metal Powder Products*, 413 Fed. Appx. 7, 15 (10th Cir. 2010).  Indeed, after looking at the evidence, the Tenth Circuit stated, "a juror could find . . . that a reasonable person in Stemco's situation would have warned of the risk." *Id.* at 17.  This is the law of the case. *Rohrbaugh v. Celotex* Corp., 53 F.3d 1181, 1183 (10th Cir. 1995) (stating "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case") (citation omitted)).

While the "law of the case" doctrine is flexible, to change prior judicial decisions, one must typically show that the prior ruling was erroneous. *Bridger Coal Co. v. Dir., OWCP*, 669 F.3d 1183, 1192 (10th Cir. 2012) (citations omitted).  Stemco has failed to convince this court that the Tenth

Circuit's ruling was erroneous. It also has not shown that evidence developed since the Tenth Circuit's ruling has changed the significance of the evidence that was before the Court. Thus, a material issue of fact remains on whether Stemco had a duty to warn.

With respect to liability of a component-part manufacturer, Stemco quotes *Koonce v. Quaker Safety Products & Manufacturing Co.*, 798 F.2d 700, 715 (5th Cir. 1986), as stating "[i]f the component part manufacturer does not take part in the design or assembly of the final system or product, he is not liable for defects in the final product *if the component part is not defective*." Mem. in Supp. of Mot. for Sum. J., 9 10 (Dkt. No. 196) (emphasis added). The court accepts this statement as a correct statement of the law. As the Tenth Circuit has already found, however, the alleged defect at issue in this case is that "the design of the component parts was the immediate foreseeable cause of the improper installation." *Herrod*, 413 Fed. Appx. at 18. The plaintiff has presented sufficient evidence from which a jury could make such a finding. Because the issue in this case is whether the component part is defective, *Koonce* and other cases cited by Stemco about liability of a component manufacturer are inapposite.

Accordingly, Stemco's second motion for summary judgment is DENIED.[1]

DATED this 19th day of June, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] Docket No. 195.